# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MELVIN OSCAR ORTIZ GUTIERREZ,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN RAYCRAFT, *Field Office Director of Enforcement and Removal Operations, Columbus Field Office, Immigration and Customs Enforcement*, et al.,<br><br>    Respondents. | Case No. 1:26-CV-69<br><br>Judge Michael R. Barrett<br><br>**OPINION & ORDER** |

This matter is before the Court on Petitioner Melvin Oscar Ortiz Gutierrez's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Respondents have filed a return and a response in opposition, (Doc. 17), and Ortiz Gutierrez has replied, (Doc. 18). The petition is now ripe for review.

## I.   FACTUAL BACKGROUND

On January 18, 2019, an agent of the United States Border Patrol issued Ortiz Gutierrez a notice to appear ("NTA") for removal proceedings, alleging that he unlawfully entered the United States near Antelope Wells, New Mexico, the day prior. (Doc. 17, PageID 244). The NTA charged that Ortiz Gutierrez, a citizen of Guatemala, was "an alien present in the United States who has not been admitted or paroled," and subject to removal under "[§] 212(a)(6)(i) of the Immigration and Nationality Act." (*Id.*).

Ortiz-Gutierrez applied for asylum and withholding of removal and received employment authorization from DHS. (Doc. 1, PageID 15-16). And on August 31, 2021, due in part to a series of higher court rulings regarding the Department of Homeland Security's ("DHS") "practice of failing to comply with the statutory requirements under INA § 239(a)," an Immigration Judge ("IJ") terminated removal proceedings for Ortiz Gutierrez without prejudice. (Doc. 17, PageID 253).

The record reflects that, on December 14, 2025, Ortiz Gutierrez was arrested by the Fairfield Police Department and charged with domestic violence. (Doc. 12, PageID 174). He pleaded not guilty to the original charge, and on January 7, 2026, pleaded guilty to an amended charge of disorderly conduct, a fourth-degree misdemeanor. (*Id.*, PageID 175). The court granted credit for time served and ordered Ortiz Gutierrez to be released. (*Id.*, PageID 176). In the interim, though, Immigration and Customs Enforcement ("ICE") placed an immigration detainer on Ortiz Gutierrez, meaning that he remained in custody at the Butler County Jail on behalf of federal authorities. (Doc. 17, PageID 265).

On January 8, 2026, counsel for Ortiz Gutierrez moved for a custody redetermination hearing before an Immigration Judge. (*Id.*, PageID 259). In support, Ortiz Gutierrez noted his status as the spouse of an active-duty member of the United States Army and argued that his continued detention imposed exceptional hardship on his family. He also asserted that he "maintains strong family and community ties in the United States," and is neither a flight risk nor a danger to the community. (*Id.*,

2

PageID 260-61). But on January 21, an IJ denied the request on the grounds that it "does not have the authority to redetermine bond in this case." (Doc. 12, PageID 148).[1]

Ortiz Gutierrez filed the instant petition on January 23, alleging that he is being held unlawfully and denied a constitutionally adequate custody redetermination under a misapplication of 8 U.S.C. §§ 1225 and 1226. He also contends that his ongoing detention violates his constitutional due process rights. Respondents argue that (1) the Court lacks jurisdiction to consider this petition in the first place; (2) the issue is unripe for review because Ortiz Gutierrez has not exhausted all available administrative remedies; and (3) Ortiz Gutierrez is properly detained under 8 U.S.C. § 1225.

## II. CONTROLLING LAW & ANALYSIS

### a. Jurisdiction

As a threshold matter, the Court must assess the fundamental question of its own subject matter jurisdiction. Under 28 U.S.C. § 2241, district courts possess the authority to grant a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relevant here, "[a]lthough the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Deng Chol A. v. Barr*, 455 F.Supp.3d 896, 901 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

---

[1] The IJ noted that she "would still deny bond as [Ortiz Gutierrez] is a danger to the community based on her [*sic*] recent criminal arrest," but the Court believes any such finding should be made with specificity and with the benefit of the entire available record. (Doc. 12, PageID 148).

Respondents argue that the Court is deprived of subject matter jurisdiction by 8 U.S.C. §§ 1252(b)(9), (e)(3), and (g), and accordingly move to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Doc. 17, PageID 202-07). Their argument is not persuasive. Numerous courts, including this one, have held that federal district judges retain jurisdiction under § 2241 to review habeas claims by noncitizen detainees, either to challenge pre-removal detention as unconstitutional or to raise legal questions regarding the government's statutory authority to detain them. *See Azalyar v. Raycraft*, ___ F.Supp.3d ___, No. 1:25-CV-916, 2026 U.S. Dist. LEXIS 3705, at *3-5 (S.D. Ohio Jan. 2, 2026); *Alonso-Portillo v. Bondi*, No. 1:25-CV-306, 2025 U.S. 167908, at *15-18 (S.D. Ohio Aug. 28, 2025) (collecting cases); *see also, e.g.*, *Malam v. Adducci*, 452 F.Supp.3d 643, 649 (E.D. Mich. 2020); *Lopez v. Barr*, 458 F.Supp.2d 171, 175 (W.D.N.Y. 2020); *Salvador F.-G. v. Noem*, No. 25-CV-243, 2025 U.S. Dist. LEXIS 111539 (N.D. Okla. June 12, 2025); *J.C.G. v. Genalo*, No. 1:24-CV-8755, 2025 U.S. Dist. LEXIS 8279 (S.D.N.Y. Jan. 14, 2025).

A plain-language reading, in addition to a body of case law that grows larger by the day, leads to the conclusion that the jurisdiction-stripping provisions contained in § 1252 do not serve to deprive the Court of jurisdiction to review Ortiz Gutierrez's challenge to his current detention.[2] *See Coronado v. Sec'y, Dep't of Homeland Sec.*,

---

[2] Respondents also argue that Ortiz Gutierrez's petition must be dismissed because he failed to exhaust all available administrative remedies. (Doc. 17, PageID 207-10). But as Ortiz Gutierrez rightly notes in response, the exhaustion of administrative remedies "is prudential and may be excused," and the due process considerations at stake here are great. (Doc. 18, PageID 312-14). The Court declines to impose a prudential exhaustion requirement here, both as a matter of discretion and because this petition "presents a substantial constitutional question." *Lopez*, 458 F.Supp.2d at 176. In addition, requiring Ortiz Gutierrez to exhaust his administrative remedies would likely be futile here. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006).

4

No. 1:25-CV-831, 2025 U.S. Dist. LEXIS 258690, at *7-16 (S.D. Ohio Dec. 15, 2025). Jurisdiction is well established under these circumstances, and no further review is required. *See Zadvydas*, 533 U.S. at 687-88; *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

    b. **Statutory Application**

The two statutes primarily at issue are 8 U.S.C. §§ 1225 and 1226, which generally govern the civil detention of noncitizens pending removal proceedings. The distinction between the two is critical. Respondents purport to hold Ortiz Gutierrez pursuant to § 1225(b), arguing as a result that he is not entitled to a custody redetermination. But that does not end the Court's inquiry. Rather, the statutory underpinning for Ortiz Gutierrez's detention is reflected by Respondents' actions and the actual circumstances surrounding his detention, and not merely Respondents' assertions. *See Beltrand v. Mattos*, No. 2:25-CV-1430, 2025 U.S. Dist. LEXIS 225346, at *8 (D. Nev. Nov. 14, 2025) (rejecting the "revised policy interpretation" that noncitizens lacking legal status "are subject to mandatory detention under § 1225(b) regardless of their presence within the country").

As the Supreme Court noted in *Jennings v. Rodriguez*, individuals falling under § 1225(b)(1) "are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). And under § 1225(b)(2), an individual "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* at 288 (quoting 8

5

U.S.C. § 1225(b)(2)(A)) (alterations in original). Detention under § 1225(b) "is mandatory and typically brief," *Falcon v. Florentino*, No. 25-17164, 2025 U.S. Dist. LEXIS 262112, at *4 (D.N.J. Dec. 18, 2025), and a noncitizen detained under § 1225(b)(2) may be released or paroled only pursuant to the terms of 8 U.S.C. § 1182(d)(5)(A).

On the other hand, § 1226(a) authorizes the government, in its discretion, to detain certain noncitizens "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289. "Critically, under 8 C.F.R. § 1236.1(d)(1), a noncitizen detained under § 1226 may appeal an 'initial custody determination,' including the setting of bond." *Benitez v. Francis*, 795 F.Supp.3d 475, 484 (S.D.N.Y. 2025); *cf. Jennings*, 583 U.S. at 306 (noting that individuals detained pursuant to § 1226(a) must receive a constitutionally adequate bond hearing before an IJ "at the outset of detention").

In short, the government can detain individuals "seeking admission into the country under § 1225(b)(1) and (b)(2)," or it can detain individuals "already in the country pending the outcome of removal proceedings under § 1226(a) and (c)." *Jennings*, 583 U.S. at 289 (cleaned up). And to that end, "§ 1225 provides for mandatory detention and § 1226[(a)] allows for the release of the noncitizen on conditional parole or bond." *Cobix v. Raycraft*, No. 1:25-CV-1669, 2025 U.S. Dist. LEXIS 257963, at *9 (W.D. Mich. Dec. 12, 2025).

The undersigned joins the overwhelming majority of fellow jurists from well over half of the federal judicial districts in the country, *see J.A.C.P. v. Wofford*, No.

6

1:25-CV-1354, 2026 U.S. Dist. LEXIS 19191, at *6 n.3 (E.D. Cal. Jan. 30, 2026) (collecting cases), in finding that "[d]etention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual encountered is 'seeking admission' at the border or its functional equivalents," *Falcon*, 2025 U.S. Dist. LEXIS 262112, at *4; *see Chuandong Han v. Noem*, No. 25-CV-10753, 2026 U.S. Dist. LEXIS 25700, at *15 (S.D.N.Y. Feb 6, 2026) (collecting cases); *see also Cuyun v. Raycraft*, 2026 U.S. Dist. LEXIS 26924, at *26 (N.D. Ohio Feb. 10, 2026) (noting that "[o]ther courts in the Sixth Circuit have similarly found that a noncitizen who is present in the country for years but never tried to obtain lawful entry (such as by applying for asylum, permanent residency, refugee status, or other form of citizenship) . . . is not 'seeking admission.'").

Respondents' argument, largely *pro forma*, contains extraneous and irrelevant material, and also fails at times to address the arguments that are *actually* before the Court. For instance, Respondents note that § 1226(a) "does not . . . confer the *right* to release on bond," and further observe that § 1226(c) typically always requires detention of individuals with certain criminal histories or who pose "national security concerns." (Doc. 17, PageID 228). But no one here is asserting, nor is the Court suggesting, that § 1226(a) unconditionally mandates release, and Respondents have not even attempted to show that Ortiz Gutierrez falls under the ambit of § 1226(c).

Neither the relevant caselaw, nor the applicable statutory framework, nor the accompanying regulations "give the government the authority and mandate to detain

7

all noncitizens unlawfully present in the United States without bond." *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 U.S. App. LEXIS 3899, at *40 (5th Cir. Feb. 6, 2026) (Douglas, J. dissenting); *see Benitez*, 795 F.Supp.3d at 484 (S.D.N.Y. 2025) ("a proper understanding of the relevant statutes, in light of their plain text, overall structure, and uniform case law interpreting them, compels the conclusion that § 1225's provision for mandatory detention of noncitizens 'seeking admission' does not apply to someone . . . who has been residing in the United States for more than two years."). "Applying § 1225(b) to an individual apprehended in the interior after years of continuous presence stretches the statutory text beyond its permissible bounds. Indeed, nothing in § 1225(b) or its interpretive case law permits DHS to treat Petitioner as an arriving alien engaged in inspection." *Falcon*, 2025 U.S. Dist. LEXIS 262112, at *6; *see also, e.g., Benitez*, 795 F.Supp.3d at 486-92 (undertaking a painstaking and exhaustive statutory analysis finding the same).

### c. Due Process

As it concluded in *Azalyar* after examining whether Respondents' interpretation and application of § 1225(b)(2) had deprived the petitioner of his due process rights under the Fifth Amendment, the Court reiterates that "[n]on-punitive detention in the immigration context violates the Due Process Clause," *Padilla v. United States Immigr. & Customs Enf't*, 704 F.Supp.3d 1163, 1172 (W.D. Wash. 2023), absent "adequate procedural protections" or "a special justification" outweighing a petitioner's liberty interest, *Zadvyas*, 533 U.S. at 690; *see Ariza v. Noem*, No. 4:25-CV-165, 2025 U.S. Dist. LEXIS 265012, at *28 (W.D. Ky. Dec. 23,

2025) (noting that "[t]he Due Process Clause extends to all persons regardless of status," including noncitizens). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690.

Respondents here did not detain Ortiz Gutierrez under § 1225(b)(1) or (b)(2), nor does Ortiz Gutierrez fall into the category of "criminal aliens" defined in § 1226(c). As already discussed, that leaves § 1226(a), under which "detention is discretionary and constitutionally constrained by due process."[3] *Falcon*, 2025 U.S. Dist. LEXIS 262112, at *4. Although Respondents argue that Ortiz Gutierrez already appeared before an IJ and "has received a constitutionally required bond hearing," (Doc. 17, PageID 230), the IJ felt bound by agency determinations and guidance purporting to strip away jurisdiction, *see Azalyar*, 2026 U.S. Dist. LEXIS 3705, at *2 n.4.

As a result, any such hearing was not constitutionally adequate because the IJ was functionally unable to "make an individualized assessment of the [alleged] need to re-detain him." *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-773, 2025 U.S. Dist. LEXIS 206751, at *20 (W.D. Tex. Oct. 21, 2025). Respondents' subsequent misapplication of *Jennings* is unconvincing, and the Court notes—not for the first time—that Respondents mischaracterize the Sixth Circuit's holding in *Martinez v. Larose*, 968 F.3d 555, 564 (6th Cir. 2020). Indeed, it appears "the Government returns again and again to push the same theory uphill, only for courts to send it rolling back

---

[3] This is reinforced by the DHS Form I-286 issued to Ortiz Gutierrez on January 7, which notes that DHS was detaining him "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act," codified as § 1226. (Doc. 18, PageID 325).

9

down again." *Rios Porras v. O'Neill*, No. 25-6801, 2025 U.S. Dist. LEXIS 263464, at *5 (E.D. Pa. Dec. 22, 2025); *see Castañon-Nava v. Sec'y, Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (concluding that the government "are not likely to succeed on the merits of their arguments.").

For the same reasons elucidated by the Court in *Azalyar*, the balance of considerations weighs in favor of Ortiz Gutierrez. *See Mathews v. Eldridge*, 424 U.S. 319 (1976). His continued detention without a constitutionally adequate custody redetermination stands in violation of the Fifth Amendment. Respondents must therefore provide a custody redetermination hearing at which the government bears the burden of justifying continued detention and the IJ is empowered to consider both "alternatives to detention" and Ortiz Gutierrez's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Ortiz Gutierrez's detention is governed by 8 U.S.C. § 1226(a), and his continued detention without an individualized, constitutionally adequate custody redetermination is unlawful. The petition for a writ of habeas corpus, (Doc. 1), is therefore **GRANTED**. Respondents' motion to dismiss, (Doc. 17), is **DENIED**, and the motion to dismiss by Respondent Jones, (Doc. 15), is **DENIED** as moot.

**IT IS ORDERED** that, on or before February 25, 2026, at 5:00 p.m. EST, Respondents **shall** either (1) provide Ortiz Gutierrez with a bond hearing before an

IJ, at which the government shall bear the burden of persuasion of justifying his continued detention; or (2) release Ortiz Gutierrez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that Respondents **shall** inform the Court whether and when a bond hearing was held in accordance with this order.

**IT IS SO ORDERED.**

_____
Michael R. Barrett
United States District Judge