**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MELVIN OSCAR ORTIZ GUTIERREZ, <br><br>    Petitioner, <br><br>    v. <br><br> KEVIN RAYCRAFT, *Field Office Director of Enforcement and Removal Operations, Columbus Field Office, Immigration and Customs Enforcement*, et al., <br><br>    Respondents. | Case No. 1:26-CV-69 <br><br> Judge Michael R. Barrett <br><br> **OPINION & ORDER** |

On February 25, 2026, the Court ordered Respondents to file a response to Petitioner's emergency motion for relief, addressing whether the government bore the burden of proof before the IJ that Petitioner poses a flight risk or a danger to the community. (Doc. 21). Respondents promptly filed a responsive brief in opposition, (Doc. 23), and Petitioner replied shortly thereafter, (Doc. 24).

Respondents represent that the IJ held a hearing over the course of two days, at which Petitioner submitted briefing and evidence. Furthermore, Respondents show that they took immediate steps to comply with the Court's grant of habeas relief and submitted a copy of the Court's order to the IJ. The IJ admitted the Court's order into the official record of the bond proceedings.

As Respondents correctly note, the official acts of public officers are subject to a presumption of regularity. *See Pilica v. Ashcroft*, 388 F.3d 941, 949-50 (6th Cir. 2004); *cf. R.H. Stearns Co. of Boston v. United States*, 291 U.S. 54, 63 (1934) ("[T]he

presumption of regularity is subject to be rebutted" and "stands until dislodged."). That presumption extends here to the IJ, who is presumed to have appropriately weighed the evidence and applied the correct legal standards. *See Aoraha v. Gonzales*, 209 F. App'x 473, 476 (6th Cir. 2006).

Ultimately, the record does not reflect that Petitioner bore the burden of proof at his bond hearing, nor is there evidence that the IJ inappropriately apportioned that burden. The IJ denied bond upon consideration of Petitioner's recent criminal history and of his potential as a flight risk. (Doc. 20, PageID 345). The Court cannot second-guess the IJ's discretionary weighing of evidence, particularly when the justification for the IJ's decision is clearly gleaned from the record and does not demonstrate a constitutional defect. 8 U.S.C. § 1226(e); *see Maksim v. Warden, Golden State Annex*, No. 1:25-CV-955, 2026 U.S. Dist. LEXIS 5551, at *5 (E.D. Cal. Jan. 9, 2026). That authority is held by the IJ herself, the Board of Immigration Appeals, the Sixth Circuit Court of Appeals, and the Supreme Court.

For the foregoing reason, all obligations under the Court's February 25 order, (Doc. 21), are **DISCHARGED**, and Petitioner's emergency motion, (Doc. 20), is **DENIED**.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett
                                              United States District Judge